UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANTHONY JOSEPH SCATTOREGGIO,

                                          Plaintiff,        Case # 18-CV-98-FPG

v.                                                                  DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                          Defendant.
_____

## INTRODUCTION

On November 19 and November 6, 2013, Plaintiff Anthony Joseph Scattoreggio applied for disability insurance benefits and supplemental security income under Titles II and XVI, respectively, of the Social Security Act (the Act). Tr.[1] 11. After his claims were initially denied, he testified at a video hearing before Administrative Law Judge Arthur Patane (the ALJ) on July 6, 2016. *Id.* The ALJ issued a decision finding Plaintiff not disabled on September 1, 2016. Tr. 11-28. On November 21, 2017, the Appeals Council declined to review the ALJ's decision, thereby rendering it the Commissioner's final decision. Tr. 1-4.

Plaintiff brings this appeal seeking review of that decision. ECF No. 1.[2] Both parties moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). ECF Nos. 10, 15. For the following reasons, the Commissioner's Motion is GRANTED and Plaintiff's Motion is DENIED.

---

[1] "Tr." refers to the administrative record in this matter. ECF No. 6.

[2] The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c).

**BACKGROUND**

Plaintiff alleges disability beginning on January 1, 1985, due to affective disorders, anxiety disorders, organic mental disorders, autistic and other pervasive developmental disorders, and genetic metabolic disorder. Tr. 11, 14.

While conducting the requisite five-step analysis[3] regarding Plaintiff's severe impairments, the ALJ considered Plaintiff's medical records, which included notes and raw medical data from Plaintiff's treating sources. Tr. 16-26. He also weighed treating-source opinions from Karin Burkhard, M.D., registered physician's assistant Michael Asbach, psychiatric nurse practitioner Gloria White, Anthony Bongiovanni, Ph.D., and non-treating-source opinions from Cheryl Butensky, Ph.D., and Edward Petrosky, Psy.D. *Id.* Based on his review, the ALJ determined that Plaintiff had the residual functional capacity (RFC) to perform the full range of work at all exertional levels, except that Plaintiff can only perform simple to moderately complex work. *Id.*

**LEGAL STANDARD**

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing 42 U.S.C. § 405(g)) (other citation omitted). It is not the Court's function to "determine de novo whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F. 3d 496, 501 (2d Cir. 1990).

The Act holds that the Commissioner's decision is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla.

---

[3] This determines whether a claimant is disabled and, therefore, entitled to benefits. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted).

## DISCUSSION

Plaintiff argues that the ALJ violated the treating physician rule by either improperly weighing the findings of his treating sources or improperly rejecting their findings despite the weight he assigned.[4] ECF No. 10-1 at 17-24. The Court disagrees. *Id.*

A claimant's RFC reflects what he "can still do despite his[] limitations." *Desmond v. Astrue*, No. 11-CV-0818 (VEB), 2012 WL 6648625, at *5 (N.D.N.Y. Dec. 20, 2012) (quoting *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999)). To make the RFC determination, "the ALJ considers a claimant's physical abilities, mental abilities, symptomatology, including pain and other limitations that could interfere with work activities on a regular and continuing basis." *Id.* (citation omitted); *see also* 20 C.F.R. §§ 404.1545(a), 416.945(a). The ALJ assesses a claimant's RFC "based on all of the relevant medical and other evidence." *Id.* § 404.1545(a)(3), 416.945(a)(3).

Under the treating physician rule, the ALJ must give a treating physician's opinion controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); *see also Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). An ALJ may discount a treating physician's opinion if it does not meet this standard, but he must "comprehensively set forth reasons for the weight assigned to a treating

---

[4] In his brief, Plaintiff contends that he submitted a report from Michael Cummings, M.D., for review by the Appeals Council. ECF No. 10-1 at 23. He goes on to explain the findings in Dr. Cummings's report. *Id.* After he does so, however, he does not argue that the Appeals Council erred in its consideration of the report. Consequently, the Court makes no finding as to this section of Plaintiff's brief. *See Herbert v. Architect of Capitol*, 839 F. Supp. 2d 284, 298 (D.D.C. 2012) ("[T]he [defendant] has simply failed to support its argument with any meaningful measure of factual or legal argument. Courts need not consider cursory arguments of this kind, and the Court declines to do so here.").

physician's opinion."  *Halloran v. Barnhart*, 362 F.3d 28, 33 (2d Cir. 2004); *see also* 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2) ("We will always give good reasons in our notice of determination or decision for the weight we give [the claimant's] treating source's opinion.").

When a treating physician's opinion is not given controlling weight, the ALJ considers the following factors to determine how much weight it should receive: (1) whether the source examined the claimant; (2) the length, nature, and extent of the treatment relationship; (3) whether the source presented relevant evidence to support the opinion; (4) whether the opinion is consistent with the record as a whole; (5) whether a specialist rendered the opinion in his or her area of expertise; and (6) other factors that tend to support or contradict the opinion. 20 C.F.R. §§ 404.1527(c)(1)-(6), 416.927(c)(1)-(6).

Because Plaintiff argues that the ALJ improperly evaluated findings from each of his treating and non-treating sources, the Court analyzes each in turn. Generally, Plaintiff's arguments fail because the ALJ properly supported his conclusions based on the manner in which Plaintiff's treating and non-treating sources examined Plaintiff and the amount of evidence in the record that supported their findings.

**I.     Dr. Burkhard**

Plaintiff first argues that the ALJ erred by not weighing Dr. Burkhard's purported opinion because she was Plaintiff's treating physician, her findings are consistent with the other medical evidence in the record, and she specializes in psychiatry. ECF No. 10-1 at 16-17. More specifically, he notes that, while the ALJ concluded that Dr. Burkhard did not offer an opinion as to Plaintiff's ability to work, she in fact opined that Plaintiff is sensitive to temporal pressure and criticism. *Id.* at 17 (citing Tr. 395). While Plaintiff is correct that Dr. Burkhard did so opine, the Court nevertheless finds the ALJ's decision is supported by substantial evidence.

The ALJ began his analysis of Dr. Burkhard's course of treatment by summarizing her clinical findings. He noted that Dr. Burkhard diagnosed Plaintiff with various mental health disorders—most of them anxiety-based—and prescribed him medications that improved his sleep. Tr. 18-19. He also noted that Plaintiff expressed to Dr. Burkhard "difficulty working under pressure, problems with time management, and sensitivity to criticism." Tr. 19. Given those "generally unimpressive clinical findings," the ALJ found Dr. Burkhard's course of treatment supported his RFC finding. Tr. 19.

The ALJ properly considered and weighed all of Dr. Burkhard's clinical findings and properly tied them to his RFC determination. Plaintiff's argument that he did not consider Dr. Burkhard's opinion is simply incorrect; he did consider it, and properly rejected her conclusions based on her own clinical findings regarding the severity of Plaintiff's symptoms and his response to medications. Tr. 19. That conclusion was proper, and the Court finds that it was supported by substantial evidence. 20 C.F.R. §§ 404.1527(c)(3)-(4), 416.927(c)(3)-(4).

## II. Michael Asbach, RPA-C

Plaintiff next argues that the ALJ erred when he did not incorporate limitations consistent with a May 2016 opinion given by Asbach.[5] ECF No. 10-1 at 18. The Court is not persuaded.

Plaintiff began treatment with Asbach in June 2014. Tr. 19. After receiving treatment for approximately one year, Asbach recommended that Plaintiff see him every six months. Tr. 21.

One of these six-month appointments occurred on May 3, 2016. Plaintiff's mother attended the appointment with him, as she did with most of his appointments, and noted that Plaintiff was still struggling with social and public situations but had also shown improvement in handling stress

---

[5] Plaintiff also argues that the "ALJ fail[ed] to consider Plaintiff's autism and social difficulties as related to his anxiety." ECF No. 10-1 at 17. Because Plaintiff does not tie this alleged failure to some error that would render the ALJ's decision unsupported by substantial evidence, the Court does not consider it.

5

and adversity. *Id.* Regardless, she requested a letter "outlining [Plaintiff's then-]current status relating to his anxiety." *Id.*

Asbach prepared the letter the same day. "In it he explained that [Plaintiff's] depressive symptoms are relatively well controlled, but that he continues to struggle with anxiety." *Id.* He went on to opine that, although Plaintiff's social anxiety limits his ability to work, it is not a "primary reason for permanent disability." *Id.* (quotation marks omitted).

The ALJ evaluated the May 2016 letter and assigned it "significant weight" because its conclusion that Plaintiff "has some functional limitations, but is not precluded from all work activity" was consistent the clinical findings in the record. Tr. 21-22.

Plaintiff argues that the ALJ should have adopted limitations consistent with Asbach's letter, but it contains no limitations for the ALJ to adopt. The ALJ also clearly explained that he assigned significant weight to that letter and the opinion he derived from it, which he specifically defined. Consequently, Plaintiff's argument fails, and the Court finds the ALJ's conclusion was supported by substantial evidence.

### III. Gloria White, PMHNP

Plaintiff next avers that the ALJ overemphasized a finding by White that therapy was "not indicated." ECF No. 10-1 at 18-19. More specifically, Plaintiff argues that the ALJ finding that White concluded "mental health therapy was not indicated" was a misinterpretation of one of Plaintiff's medical records on which White placed a check mark in a box stating: "Therapy not indicated at this time—Client declines therapy referral at this time. Will continue to address." Tr. 22, 442.

Plaintiff may disagree with the ALJ's characterization, but his wording is identical to that of White's finding. She noted that therapy was not indicated at that time, which is exactly how the ALJ explained her finding in his decision.

More importantly, the ALJ's conclusion based on that indication—that "White consistently concluded that the results of multiple medical examinations did not support a need for mental health therapy"—is supported by the record. She noted that therapy was not indicated three times over four months. Tr. 434, 439, 442. Consequently, his conclusion is supported by substantial evidence.

## IV. Dr. Bongiovanni

Plaintiff next argues that the ALJ erred in failing to adopt limitations from Dr. Bongiovanni despite assigning his opinion "little weight." ECF No. 10-1 at 19-20. The Court is not persuaded.

In October 2013, Dr. Bongiovanni performed an "adaptive functioning assessment" on Plaintiff as part of the process for obtaining services through the Office of Persons with Developmental Disabilities. Tr. 23. The assessment was a one-time assessment. *Id.* Dr. Bongiovanni concluded that Plaintiff had "significant difficulty mastering adaptive behaviors," required assistance and guidance to "navigat[e] the daily requirements of life," and that Plaintiff would benefit from services designed to help him acquire adequate social skills. *Id.*

The ALJ assigned this opinion little weight because Dr. Bongiovanni interviewed Plaintiff once and his conclusions were not consistent with Plaintiff's daily activities. Specifically, the ALJ noted that Plaintiff cooks, cleans, and shops, travels by plane and stays in hotels alone, attends large conventions on his own, and interviews other people for a blog that he curates. *Id.*

Both were appropriate reasons for the ALJ to assigning Dr. Bongiovanni's opinion little weight. Specifically, the ALJ may consider "the length, nature, and extent of the treatment

relationship" and "whether the opinion is consistent with the record as a whole." 20 C.F.R. §§ 404.1527(c)(2), (4), 416.927(c)(2), (4). Moreover, the Court finds the ALJ was correct in his assessment. Dr. Bongiovanni assessed Plaintiff only once, and his daily activities demonstrate that he is capable of appropriately adapting to and navigating life's requirements. Consequently, the Court concludes that the ALJ's findings are supported by substantial evidence.

## V.    Dr. Petrosky

Plaintiff next disagrees with the ALJ's conclusion that Dr. Petrosky issued two inconsistent reports. The Court nevertheless finds that the ALJ's conclusion is supported by substantial evidence.

Dr. Petrosky prepared two reports: one in 2012, for which he examined Plaintiff and used objective diagnostic measures, and another in 2016, for which he conducted a series of telephone interviews. Tr. 23-24. The 2012 report concluded that Plaintiff was not precluded from all work activity despite some functional limitations. Tr. 24. The 2016 report, on the other hand, concluded that Plaintiff had marked anxiety, cognitive rigidity, and that Plaintiff's anxiety would hinder job performance. *Id.* The ALJ carefully reviewed the reports and gave them "little probative weight." *Id.*

The Court agrees with the ALJ's assessment. In essence, Dr. Petrosky examined Plaintiff only once in 2012 and in a removed capacity in 2016. And while the 2012 report appears to be well supported, the ALJ properly concluded that it was entitled to little probative weight because it was only a single examination of Plaintiff. *Id.* As for the 2016 report, the ALJ properly found that its probative value was limited because Dr. Petrosky did not examine Plaintiff and his findings were not consistent with the 2012 report. *Id.* The ALJ was entitled to so conclude, and the Court

therefore finds his conclusion supported by substantial evidence. *See* 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2).

## VI. Dr. Butensky

Finally, Plaintiff argues that the ALJ erred by not adopting a more limited RFC based on Dr. Butensky's examination and findings.

The Court disagrees. The ALJ assigned "less probative weight" to the portion of Dr. Butensky's assessment that touched on Plaintiff's more recent ability to function because Dr. Butensky examined only Plaintiff's medical records and not the testimony and other evidence available to the ALJ at the hearing. Consequently, Dr. Butensky was not able to consider Plaintiff's daily activities in determining how severe his limitations were in interacting with others and functioning in crowded areas. The Court finds this was a proper conclusion and, accordingly, finds the ALJ's decision was supported by substantial evidence. 20 C.F.R. §§ 404.1527(c)(1)-(2), 416.927(c)(1)-(2).

## CONCLUSION

For the foregoing reasons, the Commissioner's Motion for Judgment on the Pleadings, ECF No. 15, is GRANTED, Plaintiff's Motion for Judgment on the Pleadings, ECF No. 10, is DENIED. The Clerk of Court is directed to enter judgment for the Commissioner and close this case.

IT IS SO ORDERED.

Dated: September 30, 2019
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court