UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ANTHONY SCATTOREGGIO,

                              Plaintiff,

                                                                                                 Case # 18-CV-98-FPG

v.

                                                                                                 DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.

## INTRODUCTION

Before the Court is Plaintiff Anthony Scattoreggio's motion for leave to appeal *in forma pauperis* and motion for extension of time to file a notice of appeal. ECF Nos. 20, 21. For the reasons that follow, Plaintiff's motions are GRANTED.

## BACKGROUND

Plaintiff, while represented by counsel, filed suit seeking review of the Commissioner's decision on Plaintiff's applications for social security benefits. ECF No. 1. On September 30, 2019, the Clerk of Court entered judgment in favor of the Commissioner pursuant to the Court's Decision and Order on the motions for judgment on the pleadings. ECF Nos. 18, 19.

On December 10, 2019, now proceeding *pro se*, Plaintiff filed a motion for leave to appeal *in forma pauperis* (ECF No. 20) and a motion for an extension of time to file notice of appeal (ECF No. 21). On December 20, 2019, the Clerk of Court filed the Clerk's Certificate, and the Court received a notice from the Second Circuit that due to the still-pending motion for leave to proceed *in forma pauperis*, the appeal could not move forward. ECF Nos. 24, 25.

## DISCUSSION

I.    **Motion for Leave to Appeal *In Forma Pauperis***

Federal Rule of Appellate Procedure 24 provides, in relevant part, that "a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court." Fed. R. App. P. 24(a)(1). The motion to appeal *in forma pauperis* must include an affidavit that: "(A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs; (B) claims an entitlement to redress; and (C) states the issues that the party intends to present on appeal." *Id*. at 24(a)(1)(A)-(C).

Plaintiff's affidavit shows his inability to pay. *See* ECF No. 20. Despite the absence of an affidavit meeting the second and third requirements, the Court nonetheless finds that Plaintiff may proceed *in forma pauperis* as it is clear from his notice of appeal the issues he intends to appeal and that his appeal is not frivolous. ECF No. 22; *cf. Uppal v. Western Express, Inc.*, No. 15 Civ. 9976 (AT) (RWL), 2019 WL 8262651, at *1 (S.D.N.Y. Apr. 18, 2019) (denying motion for leave to appeal *in forma pauperis* where plaintiff did not state issues to be raised on appeal because the "lack of explanation provides no basis for the Court to evaluate the merits of her appeal"); *Purisima v. Tiffany Entm't*, No. 09-CV-3502 (NGG) (LB), 2018 WL 7063128, at *1 (E.D.N.Y. Jan. 25, 2018) (denying motion for leave to appeal *in forma pauperis* where, *inter alia*, plaintiff did not state issues to be raised on appeal, noting "[t]he requirement that he do so, Rule 24(a)(1)(C), exists to ensure that the court can determine whether the appeal would be frivolous or not taken in good faith" (internal quotation and citation omitted)).

Accordingly, Plaintiff's motion for leave to appeal *in forma pauperis* is GRANTED.

**II.     Motion for Extension of Time to File Notice of Appeal**

In a civil case where, as here, one of the parties is a United States officer or employee sued in their official capacity, a party filing a notice of appeal may do so within 60 days after the entry of the judgment appealed from. Fed. R. App. P. 4(a)(1)(B)(iii). A party may also bring a motion for extension of time to file a notice of appeal "no later than 30 days after the time prescribed by this Rule 4(a) expires" and if "that party shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A)(i)-(ii).

> In determining whether a party seeking an extension of the appeal period pursuant to Rule 4(a)(5) has made the requisite showing of "excusable neglect or good cause," district courts consider four factors: (1) the risk of prejudice to the nonmoving party; (2) the length of the delay and its potential prejudice upon the judicial proceeding; (3) the reason for the delay; and (4) whether the moving party has acted in good faith. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). The most important factor is the reason for the delay. *See id.*; *see also Weinstock v. Cleary, Gottlieb, Steen & Hamilton*, 16 F.3d 501, 503 (2d Cir. 1994).

*Levesque v. Clinton Cnty.*, No. 9:10-CV-0787 (DNH/DEP), 2014 WL 2090803, at *2 (N.D.N.Y. May 19, 2014).

The judgment from which Plaintiff seeks to appeal was entered on September 30, 2019, giving Plaintiff until November 29, 2019 to file his notice of appeal. Plaintiff filed both his notice of appeal and motion to extend time on December 10, 2019, after the expiration of the initial period but before the expiration of the additional 30 days provided by Federal Rule of Appellate Procedure 4(a)(5)(A)(i).

Plaintiff states he had "major depression" which prevented him from filing his notice of appeal sooner. ECF No. 21 at 2. Considering the above-mentioned factors, the relatively short 11-day period of delay, and that Plaintiff appears to have acted in good faith, the Court finds that Plaintiff has shown good cause. *See Levesque*, 2014 WL 2090803, at *2 (finding good cause

3

existed where plaintiff stated "he was experiencing severe mental distress" and was transferred to a psychiatric facility); *Epps v. City of Schenectady*, No. 1:10-CV-1101 (MAD/CFH), 2013 WL 4455621, at *3 (N.D.N.Y. Aug. 16, 2013) ("Illness of counsel has been regarded as valid grounds for excusable neglect where 'the illness is so physically and mentally disabling that counsel is unable to file the appeal" (internal quotation and citation omitted)). Accordingly, Plaintiff's motion for an extension of time to file a notice of appeal is GRANTED to December 10, 2019, the day Plaintiff filed his notice of appeal. ECF No. 22.

## CONCLUSION

For the foregoing reasons, Plaintiff's motions for leave to appeal *in forma pauperis* and an extension of time to file a notice of appeal, ECF Nos. 20, 21, are GRANTED.

IT IS SO ORDERED.

Dated: May 20, 2020
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Court Judge